# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                      **ORDER**
                         Crim. No. 04-243 (03) (MJD/RLE)

Elfred W. Petruk,

       Defendant.

_____

Before the Court are several <u>pro se</u> letter motions from Defendant,

including:  (1) letter motion to withdraw his guilty plea, which the Court

accepted after a hearing on April 8, 2005, and to be relieved of his current counsel

with new counsel to be appointed; (2) letter motion to suppress evidence

obtained in vehicle and residence searches; (3) letter motion to suppress evidence

of electronic surveillance; and, (4) letter motion to strike counts 2 and 3 from the

Superceding Indictment.  The Court has reviewed each of these Motions and for

the reasons stated below, DENIES these motions.

<u>Motion to Withdraw Guilty Plea and for Appointment of New Counsel</u>.

The Defendant states that he was not clearheaded at the hearing on April 8,

2005 when he entered a guilty plea, that none of his witnesses for trial were

ready, and that he therefore was scared and pressured into accepting the plea

1

agreement.

Rule 11 (d) allows a defendant to withdraw a guilty plea, after the District Court has accepted it but before sentencing, if the defendant can show a fair and just reason for the withdrawal.  Fed. R. Crim. P. 11 (d).  The decision whether to allow a defendant to withdraw a guilty plea is within the District Court's discretion.  *Rucker v. United States*, 2003 WL 244728 at *4 (D. Minn., Jan. 24, 2003).  The Eighth Circuit has held that the District Court can consider, in addition to the existence of fair and just reasons for withdrawal, "assertions of legal innocence, the amount of time between the plea and the motion to withdraw, and the prejudice to the government in granting the motion.  *United States v. Mugan*, 394 F.3d 1016, 1023 (8th Cir. 2005).  The absence of fair and just reasons can be enough, alone, to deny the Motion because a defendant should not be able to, on a whim, renounce the open statements of culpability made at a plea hearing.  *United States v. Dolson*, No. 02-075, 2003 WL 1610783 at * 1 (D. Minn., Mar. 12, 2003).

The Defendant has not established a fair and just reason to withdraw his plea.  The Defendant appeared before the Court twice on April 8, 2005.  At the first appearance, the Defendant expressed concern that he had not received discovery and that none of his witnesses had been interviewed.  Later that day, after meeting with Assistant United States Attorney and his defense counsel,

2

Defendant appeared again before this Court to enter into the same plea agreement that had been proposed, but not accepted, at the first hearing.  At the second hearing on April 8, the Defendant stated, in response to the Court's questions, that he was satisfied that he knew what the government's case was against him, that he was satisfied with the efforts that had been made in calling witnesses on his behalf, and that he was satisfied with counsel's representation. Thereafter, Defendant admitted his culpability to Count 4 of the Superceding Indictment in response to questions from the Assistant United States Attorney.

Based on the answers to these and other answers, the Court accepted the plea agreement between Mr. Petruk and the United States.  The reasons he asserts now for withdrawing his guilty plea were raised and addressed at the April 8 hearings.  The Court therefore denies Defendant's request to withdraw his withdraw his guilty plea and to appoint new counsel.  In addition, because the Court will not allow the Defendant to withdraw his guilty plea, and because the issues raised in the Defendant's remaining letter Motions were addressed in pretrial proceedings before his guilty plea was entered and accepted, these remaining Motions will be denied as moot.

IT IS HEREBY ORDERED that:

(1) Defendant's Motion to withdraw his guilty plea and to appoint substitute counsel [Docket Nos. 144 & 145] is DENIED;

(2) Defendant's Motion to Strike [Docket No. 146] is DENIED as moot;

(3) Defendant's Motion to Suppress Record of Electronic Surveillance

[Docket No. 147] is DENIED as moot, and;

(4) Defendant's Motion to Suppress Evidence obtained from vehicle and

residence searches [Docket No. 148] is DENIED as moot.

Date: June 17, 2005

s/ Michael J. Davis
Michael J. Davis
United States District Court